IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH A. MARTINEZ, JR.,

    Plaintiff,

vs.                                                                                    No. CIV 24-0079 JB/JFR

ALTA VISTA REGIONAL HOSPITAL;
MARCELINO ROMERO; ERNISTINE
ROMERO; ROGER VALDEZ and JANE DOE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his Prisoner Civil Rights Complaint, filed April 4, 2024, (Doc. 5)("Amended Complaint"). The Honorable John Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently granted leave to proceed in forma pauperis and directs Martinez to pay an initial partial filing fee of $2.78, as 28 U.S.C. § 1915(a) requires. See Order Granting In Forma Pauperis Relief, filed August 15, 2024 (Doc. 7)("IFP Order"). Because Martinez has not complied with the IFP Order, the Court dismisses this case without prejudice.

## BACKGROUND

Martinez is incarcerated at the Guadalupe County Correctional Facility in Santa Rosa, New Mexico. See Civil Rights Complaint at 35, filed January 12, 2024 (Doc. 1)("Complaint"). On April 4, 2024, Martinez filed the Amended Complaint. The Amended Complaint alleges that Alta Vista Regional Hospital Las Vegas employees deliberately were indifferent to Martinez' medical needs and engaged in actions that violated his Constitutional rights. See Amended Complaint at 2-4. The Court referred this matter to Magistrate Judge Robbenhaar for recommended findings

and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed January 26, 2024 (Doc. 3).

Martinez filed an Application to Proceed in District Court Without Prepaying Fees or Costs, filed January 24, 2024 (Doc. 2)("IFP Motion"), along with the Complaint. In the IFP Motion, Martinez seeks to prosecute his Complaint without prepaying the $405.00 civil filing fee. The Court may grant such relief only where an inmate's "affidavit [and] . . . statement of . . . assets [demonstrate] that the [inmate] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Martinez' financial statements reflect that, during the relevant period, Martinez' average monthly deposits of $13.89 exceed his average monthly balance. See IFP Motion at 7; New Mexico Corrections Department Inmate Trust Accounting, Account Transaction History From 10/01/2023 to 01/02/2024)(dated January 2, 2024), filed January 24, 2024 (Doc. 2). On August 15, 2024, Magistrate Judge Robbenhaar granted the IFP Motion and assessed an initial payment of $2.78 (which is 20% of the average deposits) pursuant to § 1915(b)(1). See IFP Order at 1-2. Magistrate Judge Robbenhaar set a deadline of September 16, 2024, for Martinez to make the initial partial payment. See IFP Order at 2. The IFP Order warns that the failure to comply timely may result in the dismissal of this action without further notice. See IFP Order at 1-2.

Martinez has not submitted a payment, shown cause for this failure, or otherwise responded to the Order Granting IFP by the September 16, 2024, deadline. The Court therefore will consider whether to dismiss this case for failure to prosecute and comply with the Order Granting IFP.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E.

Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1162.  Those criteria include "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious, 492 F.3d at 1162.

Here, Martinez has not paid the initial partial payment, as 28 U.S.C. § 1915(a) and the Order Granting IFP require.  In light of these failures, the Court dismisses this case pursuant to

rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering the factors in Nasious, the dismissal is without prejudice. If Martinez still seeks relief, he must file a new complaint and address the filing fee in the new case.

**IT IS ORDERED** that (i) the Plaintiff's Amended Prisoner Civil Rights Complaint, filed April 4, 2024 (Doc. 5), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Joseph Martinez
Las Vegas, New Mexico

   *Plaintiff pro se*